## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW LOMBARDI on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC; JEFFERSON CAPITAL SYSTEMS, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, MATTHEW LOMBARDI (hereinafter "LOMBARDI" or "Plaintiff") on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorneys, alleges against the above-named Defendants, DYNAMIC RECOVERY SOLUTIONS, LLC ("DRS"); JEFFERSON CAPITAL SYSTEMS, LLC (hereinafter "JCS"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an

action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and

transactions that give rise to this action occurred, in substantial part, in this district.


**DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "communication"

"consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15

U.S.C. § 1692a.


**PARTIES**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection

practices provides for the initiation of court proceedings to enjoin violations of the

FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, LOMBARDI, is a natural person and a resident of New York County,

State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      DRS is a foreign limited liability company with its principal place of business at 135

Interstate Blvd., Greenville, South Carolina 29615.

8.      Upon information and belief, Defendant DRS uses the mail, telephone, and

facsimile and regularly engages in business the principal purpose of which is to attempt

to collect debts alleged to be due another.

9.      Defendant DRS is a "Debt Collector" as that term is defined by 15 U.S.C.
§1692(a)(6).

10.     JCS is a foreign limited liability company with its principal place of business at 16
McLeland Road, Saint Cloud, Minnesota 56303.

11.     Upon information and belief, Defendant JCS uses the mail, telephone, and facsimile
and regularly engages in business the principal purpose of which is to attempt to collect
debts alleged to be due another.

12.     Defendant JCS is a "Debt Collector" as that term is defined by 15 U.S.C.
§1692(a)(6).

13.     John Does 1-25, are fictitious names of individuals and businesses alleged for the
purpose of substituting names of defendants whose identities will be disclosed in
discovery and should be made parties to this action

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules
of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and
their successors in interest (the "Class"), who were sent debt collection letters and/or
notices from DRS and/or JCS, which are in violation of the FDCPA, as described in this
Complaint.

15.     This Action is properly maintained as a statewide class action. The Class consists
of:

> All New York consumers who were sent an initial
> collection letter and/or notice from DRS and/or JCS,
> attempting to collect debt(s) allegedly owed to another,

which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined.

The Class period begins one year to the filing of this Action.

16.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

17.     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

18.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.     Whether Defendants violated various provisions of the FDCPA;

b.     Whether Plaintiff and the Class have been injured by Defendants' conduct;

c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

19.     Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

20.     Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

21.     Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

22.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

23.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

24.     Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.


## **FACTUAL ALLEGATIONS**

25.     On or before February 23, 2021, Plaintiff allegedly incurred a financial obligation to Paypal, Inc. ("Paypal").

26.    The Paypal obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27.    The Paypal obligation arose out of a transaction, which was for non-business purposes.

28.    Paypal is a "creditor" as define by 15 U.S.C. § 1692a(4).

29.    The Paypal obligation is a "debt" as defined by 15 U.S.C § 1692a(5).

30.    Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

31.    Plaintiff does not owe the Paypal obligation.

32.    On or before February 23, 2021, JCS purchased the Paypal obligation for the purpose of collection.

33.    At the time JCS purchased the Paypal obligation for the purpose of collection, such obligation was past due.

34.    At the time JCS purchased the Paypal obligation for the purpose of collection, such obligation was in default.

35.    JCS paid less than $275.00 for the purchase of the Paypal obligation.

36.    JCS paid less than $200.00 for the purchase of the Paypal obligation.

37.    JCS paid less than $150.00 for the purchase of the Paypal obligation.

38.    On or before February 23, 2021 JCS placed the Paypal obligation with DRS for the purpose of collection.

39.    At the time JCS placed the Paypal obligation with DRS for the purpose of collection, such obligation was past due.

40.     At the time JCS placed the Paypal obligation with DRS for the purpose of collection, such obligation was in default.

41.     On or about February 23, 2021, DRS caused to be mailed to Plaintiff an initial letter concerning the Paypal obligation.  A copy of said letter is annexed hereto as <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

42.     The February 23, 2021 letter to Plaintiff stated in part:



43.     The February 23, 2021 letter to Plaintiff further stated in part:  "The above referenced account has been placed in our office for collection."

44.     The February 23, 2021 letter further stated in part:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

45.     Upon receipt, Plaintiff read the February 21, 2021 letter.

46.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, DRS sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as <u>Exhibit A</u>.

47.     LOMBARDI was born after January 1, 1900.

48.     Paypal was not in existence on January 1, 1900.

49.     LOMBARDI did not make any payment regarding the Paypal obligation on January 1, 1900.

50.     LOMBARDI never made a payment regarding the Paypal obligation.

51.     On March 11, 2021, and in accordance with 15 U.S.C. 1692g(b), Plaintiff's attorney sent a letter to DRS disputing the Paypal obligation, and requesting verification thereof. A copy of said letter is annexed hereto as Exhibit B, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

52.     Neither Plaintiff nor Plaintiff's attorney mailed the March 11, 2021 letter to JCS.

53.     Plaintiff never received a response from DRS to the March 11, 2021 letter.

54.     On April 2, 2021, JCS caused to be mailed to Plaintiff c/o Plaintiff's attorney an initial letter concerning the Paypal obligation.  A copy of said letter is annexed hereto as Exhibit C, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

55.     Upon receipt of the April 2, 2021 letter, Plaintiff's attorney immediately forwarded it to Plaintiff.

56.     Upon receipt, Plaintiff read the April 2, 2021 letter.

57.     The April 2, 2021 letter stated the following, in relevant part:

**Your Account Summary**

| | |
|---|---|
| Debt Description: | PAYPAL ACCOUNT |
| Account #: | ████████86500 |
| Original Creditor: | PAYPAL INC |
| Current Creditor: | JEFFERSON CAPITAL SYSTEMS LLC |
| JCS Reference #: | ████688 |
| Amount of the Debt: | $275.00 |

58.     The April 2, 2021 letter further stated the following, in relevant part:

We acknowledge receipt of your communication concerning the above referenced account.

Based on your stated dispute we have ceased collection of this account. Our records indicate that we are not reporting this account to the credit reporting agencies.  For questions regarding your credit bureau report, please contact the bureaus at:

Equifax: 1-800-685-1111
Experian: 1-888-397-3742
Trans Union: 1-800-916-8800

Should you have any questions regarding this matter please feel free to contact us at the number listed above.

Sincerely,

*Kevin Swanson*

Jefferson Capital Systems, LLC

59.     The April 2, 2021 letter further stated the following, in relevant part: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR."

60.     The April 2, 2021 letter failed to provide the proper notice pursuant to Section 1692g(a)(3).

61.     The April 2, 2021 letter failed to provide the proper notice pursuant to Section 1692g(a)(4).

62.     The April 2, 2021 letter failed to provide the proper notice pursuant to Section 1692g(a)(5).

63.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, DRS sent collection letters attempting to collect debts to more than 40

consumers residing within the State of New York similar to the letter annexed hereto as <u>Exhibit C</u>.

64.    Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

65.    Defendants' could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## <u>POLICIES AND PRACTICES COMPLAINED OF</u>

66.    It is DRS' policy and practice to send initial written collection communications, in the form annexed hereto as <u>Exhibit A</u> that violate the FDCPA, by *inter alia*:

  a.    Using false representations of the amount of the debt;

  b.    Using false, deceptive or misleading representations or means in connection with the collection of any debt;

  c.    Using unfair or unconscionable means to collect or attempt to collect any debt;

  d.    Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(1);

  e.    Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

  f.    Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

g.      Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

h.      Causing consumers to suffered a risk of economic injury.

67.      It is JCS' policy and practice to send initial written collection communications, in the form annexed hereto as <u>Exhibit C</u> that violate the FDCPA, by *inter alia*:

a.      Using false representations of the amount of the debt;

b.      Using false, deceptive or misleading representations or means in connection with the collection of any debt;

c.      Using unfair or unconscionable means to collect or attempt to collect any debt;

d.      Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(1);

e.      Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

f.      Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(4);

g.      Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(5);

h.      Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

i.      Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

j.    Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

k.    Causing consumers to suffered a risk of economic injury.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e et seq.

68.    Plaintiff repeats the allegations contained in paragraphs 1 through 67 as if the same were set forth at length herein.

69.    Collection letters and/or notices such as those sent by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

70.    Defendants violated 15 U.S.C. § 1692 *et seq.* of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

71.    15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of any debt.

72.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using  false, deceptive, misleading representations and means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

73.    15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing the amount of any debt.

74.     DRS violated 15 U.S.C. § 1692e(2)(A) by stating in the February 23, 2021 letter: "Total Outstanding Balance: $275.00" or "Charge-off Balance: $275.00" as Plaintiff did not owe $275.00.

75.     JCS violated 15 U.S.C. § 1692e(2)(A) by stating in the April 2, 2021 letter: "Amount of the Debt: $275.00" as Plaintiff did not owe $275.00.

76.     15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

77.     DRS violated 15 U.S.C. § 1692e(10) by stating in the February 23, 2021 letter: "Total Outstanding Balance: $275.00" or "Charge-off Balance: $275.00" as Plaintiff did not owe $275.00.

78.     DRS violated 15 U.S.C. § 1692e(10) by stating in the February 23, 2021 letter: "Date of Last Payment: 01/01/1900" as Plaintiff never made any payment related to the Paypal obligation.

79.     DRS violated 15 U.S.C. § 1692e(10) by stating in the February 23, 2021 letter: "Date of Last Payment: 01/01/1900" as Plaintiff was born after January 1, 1900.

80.     DRS violated 15 U.S.C. § 1692e(10) by stating in the February 23, 2021 letter: "Date of Last Payment: 01/01/1900" as Paypal was not in existence on January 1, 1900.

81.     JCS violated 15 U.S.C. § 1692e(10) by stating in the April 2, 2021 letter: "Amount of the Debt": $275.00" as Plaintiff did not owe $275.00.

82.     JCS violated 15 U.S.C. § 1692e(10) by stating in the April 2, 2021 letter: "Based on your stated dispute we have ceased collection of your account. Our records indicate that we are not reporting this account to the credit reporting agencies."

83.     The April 2, 2021 letter can be read to have or more meanings:

    a.  Although JCS ceased collection of Plaintiff's account, DRS could still pursue collection;

    b.  Since JCS ceased collection of Plaintiff's account, DRS would not pursue collection;

    c.  Although JCS ceased collection of Plaintiff's account, another debt collector other than DRS could still pursue collection;

    d.  Since JCS ceased collection of Plaintiff's account, no debt collector would pursue collection;

    e.  Although JCS would not report Plaintiff's account to the credit reporting agencies, DRS could still report Plaintiff's account;

    f.  Although JCS would not report Plaintiff's account to the credit reporting agencies, another debt collector other than DRS could still report Plaintiff's account;

    g.  Since JCS would not report Plaintiff's account to the credit reporting agencies, DRS could not report Plaintiff's account;

    h.  Since JCS would not report Plaintiff's account, no debt collector could report Plaintiff's account;

    i.  Since JCS ceased collection of Plaintiff's account, Plaintiff no longer owed the alleged debt;

    j.  Plaintiff still owed the alleged debt, but JCS would no longer pursue collection.

84.    At least one of the above meanings in the April 2, 2021 letter is inaccurate.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f et seq.

85.     Plaintiff repeats the allegations contained in paragraphs 1 through 84 as if the same were set forth at length herein.

86.     15 U.S.C. § 1692f(1) prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt including the collection of any amount…unless such amount is authorized by the agreement creating the debt…

87.     DRS violated 15 U.S.C. § 1692f(1) by stating in the February 23, 2021 letter: "Total Outstanding Balance: $275.00" or "Charge-Off Balance: $275.00" as there is no agreement wherein Plaintiff owes $275.00.

88.     JCS violated 15 U.S.C. § 1692g(a)(1) by stating in the April 2, 2021 letter: "Amount of the Debt: $275.00" as there is no agreement wherein Plaintiff owes $275.00.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g et seq.

89.     Plaintiff repeats the allegations contained in paragraphs 1 through 88 as if the same were set forth at length herein.

90.     15 U.S.C. § 1692g requires certain notices to be in the initial communication to the consumer.

91.     15 U.S.C. § 1692g(a) requires that the initial communication contain the following notices, in relevant part:

(1) the amount of the debt;

\*\*\*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

92.     DRS violated 15 U.S.C. § 1692g(a)(1) by stating in the February 23, 2021 letter: "Total Outstanding Balance: $275.00" or "Charge-Off Balance: $275.00" as Plaintiff did not owe $275.00.

93.     JCS violated 15 U.S.C. § 1692g(a)(1) by stating in the April 2, 2021 letter: "Amount of the Debt: $275.00" as Plaintiff did not owe $275.00".

94.     JCS violated 15 U.S.C. § 1692g(a)(3) as the April 2, 2021 letter failed to contain the proper notice.

95.     JCS violated 15 U.S.C. § 1692g(a)(4) as the April 2, 2021 letter failed to contain the proper notice.

96.     JCS violated 15 U.S.C. § 1692g(a)(5) as the April 2, 2021 letter failed to contain the proper notice.

97.     Plaintiff suffered an informational injury due to Defendants' violation of 15 U.S.C. § 1692 of the FDCPA in connection with its communications to Plaintiff.

98.     Plaintiff suffered a risk of economic injury due to Defendants' violation of 15 U.S.C. § 1692 of the FDCPA in connection with its communications to Plaintiff.

99.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

100.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

101.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

102.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

103.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

104.    Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq. as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)      Awarding Plaintiff and the Class statutory damages;

(e)      Awarding Plaintiff and the Class actual damages;

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)      Awarding pre-judgment interest and post-judgment interest; and

(h)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: New York, New York
         April 16, 2021

/s/ Joseph K. Jones
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

/s/ Benjamin J. Wolf
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
bwolf@legaljones.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Joseph K. Jones
Joseph K. Jones

# EXHIBIT A

Matthew Lombardi



**DYNAMIC**
RECOVERY SOLUTIONS
Dynamic Recovery Solutions, LLC
135 Interstate Blvd. | Greenville, SC 29615

February 23, 2021

**DRS Reference Number:** 5231

**Original Creditor:** PAYPAL INC ● **Debt Description:** PAYPAL ACCOUNT
**Original Account Number:** \*\*\*\*\*\*\*\*\*\*\*\*\*\*6500 ● **Current Creditor:** Jefferson Capital Systems, LLC

**Total Outstanding Balance:** $275.00

Itemization of balance:  Charge-off Balance: $275.00 ● Interest Accrued since Charge-off: $0.00;
Non-interest charges accrued since charge-off: $0.00 ● Non-interest fees accrued since charge-off: $0.00
Total amount of payments made on the debt since the charge-off: $0.00 ● Date of Last Payment: 01/01/1900

Dear Matthew Lombardi,

The above referenced account has been placed in our office for collection. In order to assist you in resolving this debt, we can offer the following options:

**1** You may  resolve your account for **$137.50**. To accept, make your payment by **April 10, 2021**. We are not obligated to renew this offer.

**2** You may resolve your account for **$151.25** in 2 payments of **$75.63 and $75.62**. To accept, make your first payment by **April 10, 2021** and your second payment by **May 10, 2021**. We are not obligated to renew this offer.

**3** You may resolve your account for **$165.00** in 4 payments of **$41.25**. To accept, make your first payment by **April 10, 2021** and your second payment by **May 10, 2021** and your third payment by **June 9, 2021** and your fourth payment by **July 9, 2021**. We are not obligated to renew this offer.

The offers listed are not your only options. If you are unable to accept one of the offers, we take pride in working with consumers regardless of your current financial position. Please contact our office to discuss your options.



Customer Service: 800-431-7201
TTY: 800-877-8339



http://www.drscustomerportal.com/



PO BOX 25759
GREENVILLE, SC 29616-0759

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**New York City Residents: Please contact Molly Hoskinson at 877-821-1659 to resolve this debt. New York City Department of Consumer Affairs License Number 1314030-DCA.**

Sincerely,
Dynamic Recovery Solutions, LLC

PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION
Please Detatch And Return In The Enclosed Envelope With Your Payment.

**Payment Options: Online** - visit us at http://drs.cssimpact.com/negotiator ● **Money Gram** - use code 7153
**Toll Free Phone:** 800-431-7201 ● **Check or Money Order** - payable to Dynamic Recovery Solutions

The above referenced account has been placed in our office for collection. In order to assist you in resolving this debt, we can offer the following options:

**1** You may resolve your account for **$137.50**. To accept, make your payment by **April 10, 2021**. We are not obligated to renew this offer.

**2** You may resolve your account for **$151.25** in 2 payments of **$75.63 and $75.62**. To accept, make your first payment by **April 10, 2021** and your second payment by **May 10, 2021**. We are not obligated to renew this offer.

**3** You may resolve your account for **$165.00** in 4 payments of **$41.25**. To accept, make your first payment by **April 10, 2021** and your second payment by **May 10, 2021** and your third payment by **June 9, 2021** and your fourth payment by **July 9, 2021**. We are not obligated to renew this offer.

The offers listed are not your only options. If you are unable to accept one of the offers, we take pride in working with consumers regardless of your current financial position. Please contact our office to discuss your options.

| Customer Service: 800-431-7201 TTY: 800-877-8339 | http://www.drscustomerportal.com/ | PO BOX 25759 GREENVILLE, SC 29616-0759 |
|---|---|---|

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**New York City Residents: Please contact Molly Hoskinson at 877-821-1659 to resolve this debt. New York City Department of Consumer Affairs License Number 1314030-DCA.**

Sincerely,
Dynamic Recovery Solutions, LLC

PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION.
Please Detach And Return In The Enclosed Envelope With Your Payment.

**Payment Options: Online** - visit us at http://drs.cssimpact.com/negotiator • **Money Gram** - use code 7153
**Toll Free Phone:** 800-431-7201 • **Check or Money Order** - payable to Dynamic Recovery Solutions

| TO PAY BY CREDIT CARD, PLEASE COMPLETE THE SECTION BELOW | ☐ VISA | ☐ Mastercard | ☐ Check | ☐ Money Order |
|---|---|---|---|---|
| CARD NUMBER | | | EXP. DATE | |
| SIGNATURE | | | SECURITY CODE | |
| DRS REFERENCE NUMBER ▓▓▓ | CIRCLE PAYMENT OPTION  1   2   3 | | AMOUNT | |

PO BOX 25759
GREENVILLE, SC 29616-0759

Matthew Lombardi
▓▓▓▓▓▓▓

DYNAMIC RECOVERY SOLUTIONS
PO BOX 25759
GREENVILLE, SC 29616-0759

16

PCi Security Standards Council — PCI COMPLIANT

928776    00003780
D4OP      DYNRS.wfd
          Page 1 of 2



New York Residents: Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI) 2. Social security; 3. Public assistance (welfare) 4. Spousal support, maintenance (alimony) or child support 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

# EXHIBIT B



*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]
Paul Gottleib, Of Counsel

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

https://legaljones.com

*Reply to:  New York*

March 11, 2021

**VIA EMAIL(*customerservice@gotodrs.com*) and FIRST CLASS MAIL**
Dynamic Recovery Solutions, LLC
135 Interstate Blvd
Greenville, South Carolina 29615

|                          |                                 |
|--------------------------|---------------------------------|
| **Re:**                  | **Matthew Lombardi**            |
| **Original Creditor:**   | **PAYPAL INC**                  |
| **Debt Description:**    | **PAYPAL ACCOUNT**              |
| **Original Account No.:**| **ending in 6500**              |
| **Current Creditor:**    | **Jefferson Capital Systems, LLC** |
| **DRS Reference Number:**| **███231**                      |

To Whom It May Concern:

      This firm has been retained to represent the interest of Matthew Lombardi, relative to the above-referenced matter.

      Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Matthew Lombardi.  Furthermore, Matthew Lombardi hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact via mobile telephone, whether by calling, texting or emailing or to any facsimile device.

      As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of a portion of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Dynamic Recovery Solutions, LLC is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

      Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC
*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com

cc: Matthew Lombardi (*via* Email)

# EXHIBIT C

Return Mail Only
PO BOX 1120
CHARLOTTE, NC 28201-1120

FIRST CLASS
PRESORT
U.S POSTAGE
**PAID**
PCI

2

MATTHEW LOMBARDI
C/O JONES WOLF & KAPASI LLC
60 EAST 42ND ST  46 FLOOR
NEW YORK NY 10165-0043

——To Open This Side - Slide Finger Under This Edge——

Jefferson Capital Systems, LLC

# Jefferson
## CAPITAL



Physical Address
16 McLeland Road
Saint Cloud, MN 56303
1-800-281-2793 English and Español
Mon-Fri 8 AM - 4 PM Central Time

**Your Account Summary**

| | |
|---|---|
| Debt Description: | PAYPAL ACCOUNT |
| Account #: | ███████6500 |
| Original Creditor: | PAYPAL INC |
| Current Creditor: | JEFFERSON CAPITAL SYSTEMS LLC |
| JCS Reference #: | ████688 |
| Amount of the Debt: | $275.00 |

April 2, 2021

Dear Matthew Lombardi,

We acknowledge receipt of your communication concerning the above referenced account.

Based on your stated dispute we have ceased collection of this account. Our records indicate that we are not reporting this account to the credit reporting agencies.  For questions regarding your credit bureau report, please contact the bureaus at:

Equifax: 1-800-685-1111
Experian: 1-888-397-3742
Trans Union: 1-800-916-8800

Should you have any questions regarding this matter please feel free to contact us at the number listed above.

Sincerely,

*Kevin Swanson*
Jefferson Capital Systems, LLC

### Notice of Additional Information:

**Complaints:** If you have a complaint, please write to us at 16 McLeland Road Dept. C Saint Cloud, MN 56303 or call us toll-free at 1-888-718-0048, Monday through Friday.

**ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS**
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER: 1368090

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

JCS Letter Code - VODCNR  948795   00   .96   JeffersonCapital.WFD